UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
UTICA VICINAGE

| | |
|---|---|
| The Estate of Joseph P. King, by and through its administrator Ad Prosequendum, Amy King, and Amy King, in her own right, | CIVIL ACTION |
| Plaintiff, | INDEX NO.   9:20-cv-1413 (TJM/ML) |
| v. | |
| Joseph Ward, Superintendent of Mid-State Correctional Facility (NY), in his individual capacity; John Does Corrections Officers (1-10, fictitious individuals), in their individual capacities; Jami Palladino, Mid-State Social Worker, in her individual capacity; Hal Meyers, Mid-State Chief Mental Health Counselor, in his individual capacity; Anthony J. Annucci, Acting Commissioner, State of New York Department of Corrections, in his individual capacity; and Marie T. Sullivan, MD, Commissioner, State of New York Department of Mental Health, in her individual capacity. | COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, Plaintiff, by and through the undersigned counsel, and hereby brings this Complaint against Defendants as follows:

## INTRODUCTORY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff's decedent, Joseph P. King, of his rights secured by the Constitution and laws of the United States of America.

1

2. In particular on November 16, 2018, Defendants violated the rights of Joseph P. King by failing to keep him in a safe and secure environment where he could be kept free from injury, harm, and death, and by failing to provide him with adequate medical and mental health care and attention, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

3. In addition, this action is brought by Plaintiff against Defendants for the New York torts of negligence and wrongful death as well as violations of the New York Constitution (N.Y. Const. art I, §5) and the New York Civil Rights Act (N.Y. McKinney's CVR §1 et seq.).

## JURISDICTION AND VENUE

4. Plaintiff's case arises under the Constitution and laws of the United States, specifically, the Eight and Fourteenth Amendments to the United States Constitution.

5. Plaintiff's suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6. This Court has jurisdiction over Plaintiff's federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7. This case also arises under the common law and the statutory law of the State of New York.

8. This Court has pendant jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) in that the events and incident giving rise to the claims herein took place in the County of Oneida, State of New York (the domicile of Mid-State Correctional Facility) and within the jurisdiction of this honorable U.S. District Court.

## PARTIES

10. Plaintiff, Amy King, is the widow of decedent Joseph P. King and the duly appointed Administrator of the Estate of Joseph P. King.

11. Defendant Joseph Ward, was, at all times material hereto, the Superintendent of New York Mid-State Correctional Facility, located at 9005 Old River Road, Marcy, NY 13403. Defendant Superintendent Ward is sued in his individual capacity.

12. At all times relevant hereto, Defendants, John Doe Corrections Officers 1-10, are fictitious names representing unnamed corrections officers, employed with the Mid-State Correctional Facility located at 9005 Old River Road, Marcy, NY 13403, who were acting under the supervision of the New York State Department of Corrections and Superintendent Joseph Ward. Defendants are sued under their individual capacities.

13. Defendant Jami Palladino, was, at all times material hereto, Joseph P. King's assigned social worker during his time of incarceration at Mid-State Correctional Facility. Defendant Jami Palladino is sued in her individual capacity.

14. Defendant Hal Meyers, was, at all times material hereto, the Chief Mental Health Counselor at Mid-State Correctional Facility during Joseph P. King's period of incarceration. Defendant Hal Myers, is sued in his individual capacity.

15. Defendant Anthony J. Annucci is the Acting Commissioner of the New York State Department of Corrections, headquartered at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.  Defendant Annucci is sued in his individual capacity.

16. Defendant Marie T. Sullivan, MD, is Commissioner of the New York State Department of Mental Health, headquartered at 44 Holland Avenue, Albany, NY 12229. Defendant Sullivan is sued in her individual capacity.

**FACTUAL ALLEGATIONS**

17. Prior to November 16, 2018, Joseph P. King was incarcerated at the Mid-State Correctional Facility. His incarceration at Mid-State Correctional Facility began on February 2, 2015, after he was transferred there from another New York Department of Corrections facility.

18. Upon information and belief, Joseph P. King was transferred to Mid-State correctional facility because Mid-State specializes in housing inmates who have significant mental health issues and Joseph P. King had known mental health diagnoses, including severe depression and anxiety.

19. At all relevant times during Joseph P. King's incarceration at Mid-State Correctional Facility, the individually named Defendants and Defendants, John Doe Corrections Officers 1-10, had a legal duty to maintain a safe and suitable environment where Joseph P. King could be kept free from injury, harm and/or death.

20. On or about July 2016, Joseph P. King attempted to commit suicide at Mid-State Correctional Facility by hanging himself by his shoe laces in a stairwell. That attempt was not successful and Joseph P. King survived.

21. At all relevant times during Joseph P. King's incarceration at Mid-State, he was assigned a social worker to help manage his mental health situation. It was well-known to his social worker, Defendant Jami Palladino, that Joseph P. King had severe mental health issues and that he had attempted suicide at Mid-State Correctional Facility in July 2016.

22. At all relevant times during Joseph P. King's incarceration at Mid-State, he was under the supervision of Mid-State's Chief Mental Health Counselor, Defendant Hal Meyers, and it was well known to Defendant Meyers that Joseph P. King had severe mental health issues and that Joseph P. King had attempted suicide at Mid-State Correctional Facility in July 2016.

23. Upon information and belief, on November 16, 2018, Joseph P. King was found deceased and "hanging" by the neck from his shoe laces in a communal bathroom in his cell block at Mid-State Correctional Facility.

24. Upon information and belief, Joseph P. King was last seen alive 15 minutes before he was discovered "hanging" by his shoe laces in a facility bathroom.

25. Upon information and belief, Defendants, John Doe Corrections Officer 1 – 10, and Defendants Superintendent Joseph Ward, Jami Palladino, and Hal Meyers failed to monitor Joseph P. King, even though they were aware of a prior attempt to commit suicide by Mr. King, and also failed to restrict his access to shoe laces, which Joseph P. King was allowed to wear in his shoes, despite his previous suicide attempt. In doing so, these defendants breached their legal duty to maintain a safe and suitable environment, and failed to keep Joseph P. King safe from injury, harm and death, thus causing Joseph P. King's death.

26. Upon information and belief, in the one or two weeks prior to November 16, 2018, Defendants Jami Palladino and Hal Meyers determined that Joseph P. King should stop being administered his prescribed anti-depression, anti-anxiety medication, which he had theretofore been taking regularly.

27. It is well known in the psychiatric community that a mental health patient who has been regularly taking anti-depression, anti-anxiety medication is subject that to a heightened risk of suicide in the week or two following non-tapered discontinuation of that medication. As mental health care professionals, Defendants Jami Palladino and Hal Meyers should have been extra vigilant to closely monitor Joseph P. King's physical and mental condition following the discontinuation of his anti-depression, anti-anxiety medication in the one or two weeks leading up to Mr. King's November 16, 2018 suicide.

28. In the events described above, Defendants, John Doe Corrections Officers 1-10, and Defendants Superintendent Joseph Ward, Jami Palladino, and Hal Meyers acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Joseph P. King of his rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

29. The above-described acts and omissions by Defendants, John Doe Corrections Officers 1-10, and Defendants Superintendent Joseph Ward, Jami Palladino, and Hal Meyers demonstrated a deliberate indifference to and a conscious disregard for the psychological needs, prior suicidal history, and the overall safety of Joseph P. King, of which they were aware, or should have been aware.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

**LIABILITY FOR DEFENDANT
SUPERINTENDENT JOSEPH WARD FOR
FEDERAL CONSTITUTIONAL VIOLATIONS
VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983
Failure to Train & Supervise**

30. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

31. At all times hereto, Defendant Superintendent Joseph P. Ward, was acting under color of state law as an employee of New York Mid-State Correctional Facility and of the New York State Department of Corrections.

32. Defendant Superintendent Joseph Ward, in concert with other unknown policymakers, developed policies and/or customs which caused the deprivation of Joseph P. King's Federal constitutional rights.

33. Said policies were inherently deficient, which caused the death of Joseph P. King.

34. Defendant Superintendent Joseph Ward, in concert with other unknown policymakers, negligently, recklessly, and/or intentionally:

    a. failed to property train and supervise Defendants, John Doe Corrections Officers 1-10, to adequately monitor inmates, especially those with a prior history of suicide attempts at the Mid-State Correctional Facility;

    b. failed to properly train and supervise Defendants, John Doe Corrections Officers 1-10, to maintain a safe and suitable environment, and to keep inmates safe from injury, harm or death; and

    c. maintained policies and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for suicidal tendencies or other psychological problems; to be adequately monitored; and to be kept safe from injury, harm or death.

35. The deliberate indifference of Superintendent Ward and other unknown policymakers, as illustrated above, was a proximate cause of the constitutional violations suffered by Joseph P. King.

36. The violation of Joseph P. King's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Superintendent Joseph Ward in an amount exceeding $1,000,000.

**WHEREFORE**, the Plaintiff, Amy King, on behalf of the Estate of Joseph P. King and in her own right, demands judgment against the Defendant, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SECOND CLAIM FOR RELIEF

### LIABILITY FOR DEFENDANTS, JOHN DOE
### CORRECTIONS OFFICER 1 – 10;
### DEFENDANT JAMI PALLADINO; AND
### DEFENDANT HAL MEYERS FOR
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### Eighth and Fourteenth Amendments

37. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

38. At all times hereto, Defendants, John Doe Corrections Officer 1 – 10, were acting under color of state law as employees of New York Mid-State Correctional Facility and of the New York State Department of Corrections.

39. At all times hereto, Defendant Jami Palladino was acting under color of state law as an employee of the New York State Department of Mental Health assigned to render mental health services at Mid-State Correctional Facility.

40. At all times hereto, Defendant Hal Meyers was acting under color of state law as an employee of the New York State Department of Mental Health assigned to render and oversee mental health services at Mid-State Correctional Facility.

41. Each of the Defendants was aware that Joseph P. King suffered from serious mental illness and had previously attempted suicide in 2016.

42. Each of the Defendants was aware that prisoners such as Joseph P. King were at extreme risk for further self-injurious behavior and needed specific monitoring and protection.

43. Upon information and belief, Defendants had a duty to properly screen Joseph P. King for any suicidal tendencies, or any other psychological problems,

44. The actions of Defendants, John Doe Corrections Officers 1 – 10, Defendant Jami Palladino, and Defendant Hal Myers, as set forth above, violated the late Joseph P. King's rights

under the Eighth and Fourteenth Amendments to be incarcerated in a safe and suitable environment, and to be safe from injury, harm or death while incarcerated at the New York Mid-State Correctional Facility.

45. The violations of Joseph P. King's rights under the United States Constitution was the fatal injury to Plaintiff's decedent, thereby entitling Plaintiff to compensatory damages from Defendants, John Doe Corrections Officers 1 – 10, Defendant Jami Palladino, and Defendant Hal Meyers in their individual capacities in an amount exceeding $1,000,000.

46. The actions of Defendants, John Doe Corrections Officers 1 – 10, Defendant Jami Palladino, and Defendant Hal Meyers in their individual capacities were intentional, malicious, willful, wanton, and/or in reckless disregard of Plaintiff's decedent's federally protected rights, therefore entitling Plaintiff to an award of punitive damages.

47. Plaintiff is entitled to recover punitive damages against Defendants, John Doe Corrections Officers 1 – 10, Defendant Jami Palladino, and Defendant Hal Meyers in their individual capacities, in an amount greater than $1,000,000.

48. Plaintiff is entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiff, Amy King, on behalf of the Estate of Joseph P. King, and in her own right, demands judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

### THIRD CLAIM FOR RELIEF

### SUPERVISORY LIABILITY OF DEFENDANT SUPERINTENDENT JOSEPH WARD UNDER 42 U.S.C. § 1983

49. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

50. At all times hereto, Defendant Superintendent Joseph P. Ward, was acting under color of state law as an employee of New York Mid-State Correctional Facility and of the New York State Department of Corrections. By virtue of his status as Superintendent, Defendant Superintendent Joseph Ward was the highest ranking official in charge of Mid-State Correctional Facility.

51. Plaintiff is informed, believes and therefore alleges that on November 16, 2018, Defendant Joseph Ward was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference of staff, employees, and/or correctional officers at Mid-State Correctional Facility, including their failure to adequately monitor inmates and to protect inmates from injury, harm or death.

52. As such, Defendant Joseph Ward not only directed, encouraged, tolerated, acquiesced to this behavior, but was deliberately indifferent to the likelihood that his staff, employees and/or corrections officers would fail to adequately monitor inmates, and fail to protect inmates from injury, harm or death at the Mid-State Correctional Facility.

53. Defendant Joseph Ward had personal oversight of the safety of prisoners at Mid-State Correctional Facility.

54. The deliberate indifference of Defendant Superintendent Joseph Ward to the need for supervision of his staff, employees and/or corrections officers was a proximate cause of the constitutional violations suffered by Plaintiff's decedent, Joseph P. King.

55. The violation of Joseph P. King's rights under the United States Constitution was the proximate cause of damage to Plaintiff, thereby entitling Plaintiff to compensatory damages from Defendant Superintendent Joseph Ward in an amount exceeding $1,000,000.

**WHEREFORE**, the Plaintiff, Amy King, on behalf of the Estate of Joseph P. King, and in her own right, demands judgment against Defendant Superintendent Joseph Ward for compensatory and punitive damages, counsel fees and all costs of suit.

### FOURTH CLAIM FOR RELIEF

**VIOLATION OF THE NEW YORK STATE CONSTITUTION
AND THE NEW YORK CIVIL RIGHTS
ACT, N.Y. MCKINNEY'S CVR § 1 et seq.
DEFENTANT SUPERINTENDENT JOSEPH WARD,
DEFENDANTS, JOHN DOES CORRECTIONS OFFICERS 1-10,
DEFENDANT JAMI PALLADINO, &
DEFENDANT HAL MEYERS**

56. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

57. Defendants, John Doe Corrections Offices 1 – 10, were acting under color of law when they failed to adequately monitor Joseph P. King while incarcerated at the Mid-State Correctional Facility, and failed to protect Mr. King from injury, harm or death.

58. The Defendant Superintendent Joseph Ward failed to adequately train or otherwise have and maintain effective policies regarding heightened supervision of inmates who have had prior suicide attempts or exhibit or have been diagnosed with other psychological problems, to adequately monitoring all inmates, and to protect inmates form injury, harm or death.

59. The Defendant Superintendent Joseph Ward was deliberately indifferent to the likelihood that Mid-State Correctional Facility staff, employees and/or corrections officers, including Defendants, John Doe Corrections Officer 1 – 10, Defendant Jami Palladino, and

Defendant Hal Meyers would fail to adequately monitor inmates, especially under circumstances where psychotropic medication had been deliberately cut off, and would fail to protect inmates from injury, harm or death at the Cumberland County Jail.

**WHEREFORE**, Plaintiff states a cause of action under the New York Constitution (N.Y. Const. art I, § 5) and the New York Civil Rights Act, (N.Y. McKinney's CVR §1 et seq.).

### FIFTH CLAIM FOR RELIEF

### NEGLIGENCE
### DEFENDANT SUPERINTENDENT JOSEPH WARD; DEFENDANTS, JOHN DOES CORRECTIONS OFFICERS 1 – 10; DEFENDANT JAMI PALLADINO; DEFENDANT HAL MEYERS; DEFENDANT ANTHONY J. ANNUCCI; AND DEFENDANT MARIE T. SULLIVAN

60.     The allegation set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

61.     Defendant Anthony J. Annucci, as Acting Commissioner of the New York Department of Corrections, had a duty to ensure that New York State Correctional Facility Superintendents implemented Department policies, practices, regulations, and dictates to ensure that Correctional Facility staff, employees, and/or correctional officers were properly trained to screen inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, especially those who were known to have made suicide attempts in the past, and to protect inmates from injury, harm or death.

62.     Defendant Acting Commissioner Anthony J. Annucci failed to ensure that Mid-State Correctional Facility Superintendent Joseph Ward implemented Department policies, practices, regulations, and dictates to ensure that Mid-State Correctional Facility staff, employees, and/or correctional officers were properly trained to screen inmates for suicidal tendencies or other psychological problems, to adequately monitoring inmates, especially those who were known to

have made suicide attempts in the past at Mid-State Correctional Facility, and to protect inmates from injury, harm or death.

63. Defendant Marie T. Sullivan, MD, as Commissioner of the New York Department of Mental Health, had a duty to ensure that Mental Health professionals deployed at New York State Correctional Facilities were properly trained and empowered to provide for the mental health needs of inmates, including making sound professional judgments about the administration of needed psychotropic medication to inmates, to screen inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, especially those who were known to have made suicide attempts in the past, and to protect inmates from injury, harm or death.

64. Defendant Marie T. Sullivan, MD, failed to ensure that Mental Health professionals deployed at Mid-State Correctional Facilities were properly trained and empowered to provide for the mental health needs of inmates, including making sound professional judgments about the administration of needed psychotropic medication to inmates, to screen inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, especially those who were known to have made suicide attempts in the past, and to protect inmates from injury, harm or death.

65. Defendant Superintendent Joseph Ward had a duty to train and supervise his staff, employees and/or corrections officers on properly screening inmates for suicidal tendencies or other psychological problems, adequately monitoring inmates, especially those who were known to have made suicide attempts in the past, and protecting inmates from injury, harm or death.

66. Superintendent Joseph Ward failed to properly train and supervise his staff, employees and corrections officers on properly screening inmates for suicidal tendencies or other psychological problems, adequately monitor inmates, especially those who were known to have

made suicide attempts in the past at Mid-State Correctional Facility, and protecting inmates from injury, harm or death.

67. Defendants, John Does Correctional Officers 1 – 10, had a duty to properly screen inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, especially those who were known to have made suicide attempts in the past, and to protect inmates from injury, harm or death.

68. Defendants, John Does Correctional Officers 1 – 10, failed to properly screen inmates for suicidal tendencies or other psychological problems, to adequately monitoring inmates, especially those who were known to have made suicide attempts in the past, and to protect inmates from injury, harm or death.

69. Defendants Jami Palladino and Hal Meyers had a duty to provide for the mental health needs of inmates at Mid-state Correctional Facility, including making sound professional judgments about the administration of needed psychotropic medication to inmates, to screen inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, especially those who were known to have made suicide attempts in the past at Mid-State Correctional Facility, and to protect inmates from injury, harm or death.

70. Defendants Jami Palladino and Hal Meyers failed to provide for the mental health needs of inmates at Mid-State Correctional Facility, including failing to make sound professional judgments about the administration of needed psychotropic medication to inmates, to screen inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, especially those who were known to have made suicide attempts in the past at Mid-State Correctional Facility, and to protect inmates from injury, harm or death.

71. As a direct and proximate result of Defendants' negligence, Joseph P. King, took his life while in the custody of Mid-State Correctional Facility on November 16, 2018.

72. Plaintiff is entitled to an award of compensatory damages against the Defendants in an amount which exceeds $1,000,000.

**WHEREFORE**, the Plaintiff, Amy King, on behalf of the Estate of Joseph P. King, and in her own right, demands judgment against the Defendants for damages, counsel fees and all costs of suit.

### SIXTH CLAIM FOR RELIEF

**WRONGFUL DEATH
DEFENDANT SUPERINTENDENT JOSEPH WARD;
DEFENDANTS, JOHN DOES CORRECTIONS OFFICERS 1 – 10;
DEFENDANT JAMI PALLADINO; DEFENDANT HAL MEYERS;
DEFENDANT ANTHONY J. ANNUCCI; AND DEFENDANT MARIE T. SULLIVAN**

73. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

74. Defendants owed a duty of reasonable care to Plaintiff's decedent, and to other inmates at the Mid-State Correctional Facility, to properly screen inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, especially those who had made suicide attempts in the past, and to protect inmates from injury, harm or death.

75. Defendants failed to use the requisite standard of care, subjecting Plaintiff's decedent, Joseph P. King, to the violation of his constitutional right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

76. The Defendants' deliberate indifference to Joseph P. King's rights caused the death of Joseph P. King.

77. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness and breach of other duties owed to the Plaintiff's decedent, Joseph P. King, the beneficiaries of Joseph P. King have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

78. The Complaint in this matter has been timely filed pursuant to the applicable laws of the State of New York.

**WHEREFORE**, the Plaintiff, Amy King, as Administrator of the Estate of Joseph P. King, hereby demands judgment against Defendants for the wrongful death of Joseph P. King for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, post-judgment interest and counsel fees.

**SEVENTH CLAIM FOR RELIEF**

**SURVIVAL ACTION
DEFENDANT SUPERINTENDENT JOSEPH WARD;
DEFENDANTS, JOHN DOES CORRECTIONS OFFICERS 1 – 10;
DEFENDANT JAMI PALLADINO; DEFENDANT HAL MEYERS;
DEFENDANT ANTHONY J. ANNUCCI; AND DEFENDANT MARIE T. SULLIVAN**

79. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

80. Defendants owed the Plaintiff's decedent, Joseph P. King, a duty to use reasonable care in carrying out the lawful duties associated with, and required by the New York State Department of Corrections, The New York State Department of Mental Health, and the Mid-State Correctional Facility in Marcy, New York.

81. Defendants breached their duties when they failed to use reasonable care, were negligent, reckless, and grossly negligent, directly and proximately causing the death of the Plaintiff's decedent, Joseph P. King, on November 16, 2018.

82. As a direct and proximate result of said breaches of duties, as described above, Plaintiff's decedent, Joseph P. King, suffered fright and conscious pain and suffering during the time period that he was alive after "hanging" commenced.

83. As a direct and proximate results of the Defendants' breaches of duty, as described above, the Estate of Joseph P. King incurred funeral expenses and medical bills.

84. Plaintiff brings a survivor action pursuant to applicable law against the Defendants for the aforementioned expenses, conscious pain and suffering and fright suffered by decedent, Joseph P. King.

**WHEREFORE**, the Plaintiff, Amy King, as Administrator of the Estate of Joseph P. King, hereby demands judgment against the Defendants for the survival claims of the decedent for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, and post judgment interest and counsel fees.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury.

Dated: November 16, 2020                    Respectfully submitted,

**Hach Rose Schirripa & Cheverie, LLP**

By: _/s/ Frank R. Schirripa_
Frank R. Schirripa, Bar Number: 519694
112 Madison Avenue
New York, NY 10016
Telephone: (212) 213-8311
Facsimile: (212) 779-0028
fschirripa@hrsclaw.com

**Law Offices of Keith Altman**
Keith Altman
*Admission Pending*
33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
Telephone: 516-456-5885
kaltman@lawampmmt.com

**Lento Law Group**
D. Scott Wiggins
*Admission Pending*
300 Atrium Way, Suite 200
Mt. Laurel, NJ 08054
Telephone: 856-652-2000
dswiggins@lentolawgroup.com

*Attorneys for the Estate of Joseph P. King,*
*by and through its Administrator Ad Prosequendum,*
*Amy King, and Amy King in her own right.*