UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

The Estate of Joseph P. King, by and through its
Administrator Ad Prosequendum, Amy King, and
Amy King in her own right,

                                        *Plaintiff*,          **ANSWER**
                                                         *JURY TRIAL DEMANDED*

      -against-
                                                           9:20-CV-1413
                                                          (TJM/ML)

Joseph Ward, Superintendent of Mid-State Correctional
Facility (NY), in his individual capacity; John Does
Corrections Officers (1-10, fictitious individuals),
in their individual capacities; Jami Palladino, Mid-State Social
Worker, in her individual capacity; Hal Meyers, Mid-State
Chief Mental Health Counselor, in his individual capacity;
Anthony J. Annucci, Acting Commissioner, State of New York
Department of Corrections, in his individual capacity; and
Marie T. Sullivan, Commissioner, State of New York
Department of Mental Health, in her individual capacity,

                                        *Defendants*.
_____

       Defendants Jami Palladino, Mid-State Social Worker, in her individual capacity; Anthony J. Annucci, Acting Commissioner, State of New York Department of Corrections, in his individual capacity; and Marie T. Sullivan, Commissioner, State of New York Department of Mental Health, in her individual capacity ("Defendants"), by their attorney, Letitia James, Attorney General of the State of New York, Aimee Cowan, Assistant Attorney General, of counsel, answers Plaintiff's Complaint, [Dkt. 1], as follows:

       1. Defendants **DENY** the truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 7, 8, 11, 12, 14, 19, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 64, 65, 66, 67, 68, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, and 84 of the Complaint.

1

2. Defendants **DENY KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF** as to the truth of the allegations contained in Paragraphs 6, 9, 10, 13, 17, 18, 20, 21, 22, 23, 24, 39, 40, 41, 63, and 69 of the Complaint.

3. Defendants **ADMIT** the truth of the allegations contained in Paragraph 15 of the Complaint inasmuch as Anthony Annucci is the Acting Commissioner of the New York State Department of Corrections and Community Supervision but **DENIES** the remainder of this paragraph.

4. Defendants **ADMIT** the truth of the allegations contained in Paragraph 16 of the Complaint inasmuch as Anne Marie T. Sullivan is the Commissioner of the New York State Department of Mental Health and her business address is 44 Holland Avenue, Albany, New York 1229, but **DENIES** the remainder of this paragraph.

5. Defendants **DENY** all other allegations in the Complaint that are not specifically responded to above.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

6. Any damages alleged to have been sustained by Plaintiff were caused or contributed to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and/or Mr. King and not by any culpable conduct on behalf of the Defendants. Further, Plaintiff and/or Mr. King has failed to mitigate his/her damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

7. The Complaint fails to establish a violation of federal constitutional rights and thus this Court lacks subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

8. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

9. At all relevant times the Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law.  Defendants are therefore, protected under the doctrine of qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

10. The Complaint is barred, at least in part, under principles of res judicata and collateral estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

11. To the extent Plaintiff raises state law claims, they are barred by section 24 of the Correction Law, by the Eleventh Amendment, and by other state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

12. The Complaint is barred by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

13. The Complaint is barred, in whole or in part, under the Eleventh Amendment.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE,

**DEFENDANTS ALLEGE AS FOLLOWS:**

14. Plaintiff failed to exhaust her administrative remedies.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

15. Plaintiff Amy King lacks the legal standing or capacity to sue on behalf of the Estate of Joseph P. King.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

16. Upon information and belief, Mr. King has been convicted of one or more felonies or other crimes for which there are or may be restitution orders pending.  Pursuant to section 807 of the Prison Litigation Reform Act of 1995, any compensatory damages to be awarded to Plaintiff herein shall be paid directly to satisfy any such outstanding orders until paid in full. Therefore, Plaintiff may not be entitled to any payment herein.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

17. Upon information and belief, Mr. King has been convicted of one or more felonies or other crimes.  Pursuant to section 808 of the Prison Reform Act of 1995, prior to payment of any compensatory damages to Plaintiff, reasonable efforts shall be made to notify the victims of the crime for which Mr. King was convicted and incarcerated.  Upon information and belief, Plaintiff must be compelled to cooperate in the notification of the victims prior to payment of any judgment herein, or Plaintiff should be barred from recovery.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

18. To the extent that the Plaintiff seeks punitive or exemplary damages within his

Complaint against the individual Defendants in their official capacity, such claims should be dismissed as improper.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

19. Upon information and belief, if Plaintiff obtains any recovery in this action against the Defendants, such recovery and liability against the Defendants should be limited pursuant to Articles 14 and 16 of the CPLR; the liability, if any, of the Defendants to Plaintiff for non-economic loss shall be limited to the Defendants' equitable share of the culpable conduct causing or contribution to the total liability for the non-economic loss of the Plaintiff, if any.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

20. Defendant(s) were not personally involved in the alleged constitutional or statutory violations, and are therefore not liable under 42 U.S.C. § 1983.  The doctrine of *respondeat superior* does not apply in civil rights cases, and the Complaint should therefore be dismissed against Defendants.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

21.  Defendants' actions were not motivated by evil motive or intent and were not performed with reckless or callous indifference to Plaintiff's federally protected rights.

### AS AND FOR A SEVENTEETH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

22. Plaintiff's allegations sound in the nature of an ordinary negligence claim and do not raise a constitutional issue cognizable in a 42 U.S.C. section 1983 action.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

23. Defendants reserve the right to raise additional defenses, which may become known during further investigation and discovery in this case.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

24. Defendants hereby request a trial by jury.

WHEREFORE, Defendants respectfully request that this Court deny the relief requested, dismiss the Complaint in its entirety, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Syracuse, New York
March 24, 2021

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants Palladino, Annucci and Sullivan
300 S. State Street, Ste. 300
Syracuse, New York 13202

By: _____/s_____

Aimee Cowan, Esq.
Assistant Attorney General
Bar Roll No. 516178
Telephone:    (315) 448-4800
Fax: (315) 448-4853
Email: aimee.cowan@ag.ny.gov

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 24, 2021 she filed Defendant Palladino, Annucci and Sullivan's Answer by electronically filing with the Clerk of the Court herein, using the CM/ECF system, with the understanding that such notification was sent by the Clerk to the following:

> Hach Rose Schirripa & Cheverie, LLP
> Frank R. Schirripa
> 112 Madison Avenue
> New York, NY 10016
>
> Law Offices of Keith Altman
> Keith Altman
> *Admission Pending*
> 33228 West 12 Mile Road, Suite 375
> Farmington Hills, Ml 48334
>
> Lento Law Group, P.C.
> Douglas Scott Wiggins
> *Admission Pending*
> 1500 Market Street
> 12th Floor - East Tower
> Philadelphia, PA 19102

Dated:   Syracuse, New York
         March 24, 2021

　　　　　　　　　　　　　　　　　　　LETITIA JAMES
　　　　　　　　　　　　　　　　　　　Attorney General of the State of New York
　　　　　　　　　　　　　　　　　　　Attorney for Defendants Palladino, Annucci and Sullivan
　　　　　　　　　　　　　　　　　　　300 S. State Street, Ste. 300
　　　　　　　　　　　　　　　　　　　Syracuse, New York 13202

　　　　　　　　　　　　　　　　　　　By:        /s

　　　　　　　　　　　　　　　　　　　Aimee Cowan, Esq.
　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　Bar Roll No. 516178
　　　　　　　　　　　　　　　　　　　Telephone:   (315) 448-4800
　　　　　　　　　　　　　　　　　　　Fax: (315) 448-4853
　　　　　　　　　　　　　　　　　　　Email: aimee.cowan@ag.ny.gov