UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

———————————————————————————

The Estate of Joseph P. King, by and through its
Administratrix, Amy King, and Amy King in her own right,

                              *Plaintiff,*       **CONFIDENTIALITY**
                                                 **STIPULATION AND**
                                                 **PROTECTIVE ORDER**

        -against-
                                                 9:20-CV-1413
                                                 (TJM/ML)

Anthony J. Annucci, Acting Commissioner, State of New
York Department of Corrections, in his individual capacity;
and Marie T. Sullivan, Commissioner, State of New York
Department of Mental Health, in her individual capacity;
Jami Palladino, Mid-State Social Worker, in her individual
capacity; Hal Meyers, Mid-State Chief Mental Health Counselor,
in his individual capacity,

                              *Defendants.*

———————————————————————————

        WHEREAS discovery herein may include the production of information and/or documents

that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed,

could jeopardize correctional or institutional safety, security or good order, (b) contain information

that is confidential under state or federal law, or (c) contain personal or confidential information.

        IT IS HEREBY STIPULATED AND AGREED that:

        1.      The term "document" as used herein is defined to be synonymous in meaning and

equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1)(A).

        2.      Defendants may designate as confidential documents ("Confidential Material") an

investigation completed by the New York State Department of Corrections and Community

Supervision Office of Special Investigation ("OSI") regarding the incident involving Joseph King

1

on November 16, 2018 at Mid-State Correctional Facility ("the Investigation").

3.      All transcripts of depositions taken in this Action that refer to the Investigation will be treated as Confidential Material in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material any portion of the transcript, by page and line, and any deposition exhibits related to the subject areas described in paragraph 2 herein, and such designation must be provided to Plaintiff's counsel and Defendants' counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material.

4.      An inadvertent failure to designate Confidential material may be corrected by supplemental written notice given as soon as practicable.

5.      To the extent Plaintiff's counsel obtained copies of documents described in paragraph 2 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material.

6.      Confidential material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

7.      Except as otherwise provided in this Stipulation and Protective Order and subject to the restrictions below, access to Confidential Material shall be limited to:

    a.   Attorneys for Plaintiff;

    b.   Defendants and attorneys for Defendants;

    c.   Employees and independent contractors of the respective attorneys for Plaintiff

2

or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

        d.   The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

        e.   Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

        f.   Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

        g.   The Court, including court personnel.

    8.   Confidential material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential material or that contain Confidential material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

    9.   No person receiving Confidential material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and

Protective Order.

10.     The Confidential material shall not be disclosed in open court without first affording Defendants' counsel an opportunity to contest disclosure and/or admissibility of the confidential information.

11.     If Plaintiff's attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential material (as defined in this Stipulation and Protective Order), unless Defendants' attorneys consent in writing otherwise. Plaintiff's attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

12.     Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

13.     Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d), no privilege or protection is waived by disclosure connected with this lawsuit, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) relating to inadvertent disclosure.

14.     Confidential material produced pursuant to the terms of this Stipulation and

Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

15.     Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiff's counsel shall either return to Defendants' counsel all Confidential material, and any copies thereof, in its custody, possession or control and any documents containing Confidential material, in whole or in part, and any copies made therefrom or shall notify Defendants' counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiff's counsel may retain (1) attorney work product that refers to or relates to Confidential material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential material will continue to be protected by this Stipulation and Protective Order.

16.     Within thirty (30) days of the conclusion of this Action, Plaintiff's counsel shall seek to retrieve from the Court's file any Confidential material filed in Court and, unless the Court denies the application, shall either return such Confidential material to Defendants' counsel within (30) days of retrieval or shall notify Defendants' counsel in writing that all such Confidential material has been destroyed.

17.     Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in paragraph 2 herein.

5

Hach Rose Schirripa & Cheverie, LLP
*Attorneys for Plaintiff*

By: _____

Hillary Nappi
112 Madison Avenue
New York, NY 10016

Dated: New York, New York

Apr il12          , 2022


LETITIA JAMES
Attorney General
New York State Office of the Attorney General
*Attorney for Defendants*


By: _____

Aimee Cowan, Esq.
300 S. State Street, Ste. 300
Syracuse, New York 13202

Dated: Syracuse, New York

April  18          , 2022


SO ORDERED:

Dated: _____April 18, 2022_____

Magistrate Judge Miroslav Lovric

6

## **CERTIFICATION**

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>King v. Annucci, et al.,</u> 9:20 Civ. No. 1413, currently pending in the United States District Court for the Northern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated:_____          SIGNATURE

 

                                  _____

                                  PRINT NAME

 

                                  _____

 

                                  _____

                                  ADDRESS

 

                                  _____

                                  TELEPHONE NUMBER