UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

The Estate of Joseph P. King, by and through its
Administratrix, Amy King, and Amy King in her own right,
                                  *Plaintiff*,

-against-

Anthony J. Annucci, Acting Commissioner, State of New
York Department of Corrections, in his individual capacity;
and Marie T. Sullivan, Commissioner, State of New York
Department of Mental Health, in her individual capacity;
Jami Palladino, Mid-State Social Worker, in her individual
capacity; Hal Meyers, Mid-State Chief Mental Health Counselor,
in his individual capacity;

                                      *Defendants.*

**DECLARATION OF HAROLD MEYERS**

9:20-CV-1413
(TJM/ML)

---

**Harold Meyers,** on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United State of America:.

1.     I am named as a Defendant in the instant matter and make this declaration in support of Defendants' motion for summary judgment.

2.     I am a Licensed Master Social Worker, employed by the New York State Office of Mental Health ("OMH") since 1998.

3.     In 2018, I was the Unit Chief at Mid-State Correctional Facility ("Mid-State"). As of 2018, I had been in that position since 2009.

4.     I received a promotion in 2019, to OMH Forensic Program Administrator II. I remain in that position today.

5.     I have been informed that the Plaintiff brings this action against me on behalf of the decedent, Joseph P. King, and claims that I violated the decedent's Eighth Amendment

1

rights, such that I was deliberately indifferent to his serious mental health needs. I was further informed that Plaintiff alleges my negligence led to decedent's suicide on November 16, 2018.

6. As the Unit Chief at Mid-State, I had no personal involvement in the aforementioned allegations.

7. My duties as Unit Chief included overseeing the day-to-day operations of Mid-State from an administrative vantage point. I was responsible for supervising approximately twenty-eight (28) OMH employees, some of whom managed a caseload of incarcerated individuals who were receiving mental health services. At times, there were over eight hundred (800) incarcerated individuals active on the mental health caseload.

8. My duties did *not* include providing therapy to patients. My duties did *not* include making clinical determinations for patients. Additionally, I am not a medical doctor, so my duties also did not include patient medication management, such as whether to prescribe a patient medication, what medication to prescribe them or when to discontinue a medication.

9. With respect to the decedent, Joseph P. King, I did not personally provide him with any medical or mental health treatment. In fact, I only met with him on one occasion along with Mr. King's primary therapist, Jami Palladino, in a supervisory capacity only.

10. I never received any letters or correspondence from Mr. King.

11. I am not required to monitor any incarcerated individual's telephone calls and I did not monitor or review any phone calls Mr. King placed or received. Consequently, I was not aware that Mr. King believed his marriage was suffering, particularly in the days leading up to his death. I was not aware of anything he discussed with his family members on the telephone in the days leading up to his death.

2

12. I am not aware of any policies or procedures that were not followed that contributed to Mr. King's death.

13. I did not, and could not have, reasonably foreseen Mr. King's death.

14. For the reasons set forth above and in the other papers submitted on behalf of the Defendants in support of this motion, I respectfully submit that the Plaintiff's allegations against me cannot be sustained and should be dismissed.

## SIGNATURE PAGE TO FOLLOW

Dated:  _12/30/22_

_Marcy_, New York

_/s/ Harold Meyers_
Harold Meyers

4