UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Estate of Joseph P. King, by and through its Administratrix, Amy King, and Amy King, in her own right,<br><br>Plaintiffs,<br><br>v.<br><br>Anthony J. Annucci, Acting Commissioner, State of New York Department of Corrections, in his individual capacity; and Marie T. Sullivan, MD, Commissioner, State of New York Department of Mental Health, in her individual capacity Jami Palladino, Mid-State Social Worker, in her individual capacity; Hal Meyers, Mid-State Chief Mental Health Counselor, in his individual capacity;<br>Defendants. | INDEX NO. 9:20-cv-1413 |

**PLAINTIFFS' RESPONSES TO DEFENDANTS' INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of New York, Plaintiffs hereby respond and object to Defendants' First Set of Interrogatories.

**GENERAL RESPONSES AND OBJECTIONS**

The following general responses and objections ("General Objections") are incorporated into each specific response and objection as if fully set forth herein:

1.     Plaintiffs object to the Interrogatories insofar as they seek information beyond that required under the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Court for the District of New Jersey ("local rules").

1

2. Plaintiffs object to the Interrogatories to the extent that they rely on Instructions or Definitions that are inconsistent with the FRCP and the local rules.

3. Plaintiffs object to the Interrogatories to the extent they purport to require information not in Plaintiff's possession, custody, or control, including documents that may once have been in Plaintiff's possession, custody or control.

4. Plaintiffs object to the Interrogatories to the extent that they seek information which is publicly available or otherwise already in Defendant's possession, custody or control, and assert that such Interrogatories are unduly burdensome.

5. Plaintiffs object to the Interrogatories to the extent that they seek information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiffs object to the Interrogatories to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work-product doctrine or other applicable privilege.

7. Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiffs' right to supplement,

8. Inadvertent production or disclosure by Plaintiffs of any information that is confidential, privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, document(s), or the subject matter thereof.

9. Plaintiffs object to the Interrogatories to the extent that the information sought is premature at this stage of the litigation.

10. Plaintiffs object to the Interrogatories to the extent they assume disputed facts or legal conclusions. Further, Plaintiff does not admit any such disputed facts or legal

conclusions and any information provided with respect to any such request is without prejudice to this objection.

11. Plaintiffs object to the Interrogatories to the extent that they seek information pertaining to Plaintiffs' claims and contentions prior to the conclusion of merits discovery.

12. No incidental or implied admissions are intended in these responses. Plaintiffs' responses to all or any part of the Interrogatories should not be taken as an admission that Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Interrogatories; or that Plaintiffs have in their possession, custody or control documents responsive to the Interrogatories; or that documents responsive to the Interrogatories exist. Plaintiffs' response to all or any part of any of the Interrogatories is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of objection(s) to that Interrogatories.

13. The fact that Plaintiffs have answered or objected to any Interrogatory in part thereof should not be taken as an admission that Plaintiffs accept or admit the existence of any facts or documents set forth or assumed by such Interrogatory or that such answer or objection constitutes admissible evidence.

14. In providing responses to the Interrogatories, Plaintiffs do not in any way waive or intend to waive, but rather preserves and intends to preserve:

   a) all objections as to the competency, relevancy, materiality and admissibility of any information provided in response to the Interrogatories;
   b) all objections as to vagueness, ambiguity or other infirmity in the form of Interrogatories, and any objections based on the undue burden imposed thereby;
   c) all rights to object on any ground to the use of any of the information provided in response to the Interrogatories in any subsequent proceedings, including the trial of this or any other action;
   d) all rights to object on any ground to any other discovery requests involving or related to the subject matter of the Interrogatories;
   e) the right to revise, correct, supplement or clarify any of the responses to the Interrogatories; and
   f) any and all privileges or rights under the applicable FRCP and the local rules, or other statutes or the common law.

15. Each of the following responses shall be deemed to incorporate and be subject to the foregoing objections.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Identify each and every person who provided any information in connection with answers to these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Amy King.

**INTERROGATORY NO. 2:**
State the name(s), age(s) and address(es) of all witness(es) to the incidents set forth in the Amended Complaint and indicate each witness from whom a written or recorded statement has been obtained by Plaintiff, your agent(s) or your attorney;
(a) For each witness, provide a detailed description of what information they possess relevant to the incidents set forth in the Amended Complaint.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiffs incorporates by reference the General Objections. Plaintiffs object to this Interrogatory on the grounds that it is premature because Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial.

Subject to and without waiving these objections, at this time, Plaintiffs state the information required to pinpoint a clear and fulsome response to this Interrogatory remains solely in the custody and control of the defendants. Plaintiffs refer Defendants to those individuals listed in the Parties Rule 26 Disclosures. Plaintiffs reserve the right to supplement the response to Interrogatory No. 2.

**INTERROGATORY NO. 3:**

State whether any photographs, videotapes, audio tapes or film were taken of the scene of the occurrence(s), the injuries, or any other matter described in the Amended Complaint and state:
(a) The date each was taken;
(b) The identity of the person who took the photograph, audio or film; and
(c) The identity of the person who has possession of the photograph, audio or film.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiffs incorporate by reference the General Objections. Subject to and without waiving these objections, at this time, Plaintiffs state the information required to pinpoint a clear and fulsome response to this Interrogatory remains solely in the custody and control of the defendants.

**INTERROGATORY NO. 4:**

Describe any ailment, injury, ache, pain, or other form of discomfort (mental, physical, or emotional), which you and/or Plaintiff's decedent claims to have suffered as a result of the actions of the Defendants and how each Defendant's alleged actions caused your alleged injuries.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiffs incorporate by reference the General Objections. Plaintiffs object to Interrogatory No 7 on the grounds that it is premature because Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial.

Subject to and without waiving these objections, Plaintiffs state the information required to pinpoint a clear and fulsome response to this Interrogatory remains solely in the custody and control of the Defendants. However, Plaintiffs state that the decedent's death was caused by the negligence of the Defendants in allowing Decedent to have his shoelaces despite prior suicide attempts using his shoelaces. Plaintiffs reserve the right to supplement this Interrogatory after discovery has been completed.

**INTERROGATORY NO. 5:**
List the name and address of each hospital, clinic, physician, therapist, and/or psychiatrist that provided care, treatment and/or diagnosis of the injuries and/or conditions alleged in the Amended Complaint, including pre-existing injuries or psychological conditions, and provide the dates of treatment for the Plaintiff and/or Plaintiffs Decedent.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiffs incorporate by reference the General Objections. Subject to and without waiving these objections, at this time, Plaintiffs state the information required to pinpoint a clear and fulsome response to this Interrogatory remains solely in the custody and control of the defendants as Decedent's medical care was undertaken by and through the New York State Department of Corrections. Plaintiff Amy King has seen two doctors: Robbery Berrick, MD, Ticonderoga Health Center, 101 Adirondack Drive, Suite 2, Ticonderoga, NY 12883 and Patrick Matolka, MD, Community Care Physicians, m35 Empire Blvd, Castleton on the Hudson, NY 12033.

**INTERROGATORY NO. 6:**

If Plaintiff claims any permanent disability and/or psychiatric condition resulting from the actions by the Defendant(s), state the nature of the disability, the extent to which it restricts her activities, and the name of any physician and/or therapist, psychologist or psychiatrist who has stated that she has a permanent disability.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiffs incorporate by reference the General Objections. Subject to and without waiving these objections, at this time, Plaintiffs direct Defendant to the Response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

List each item of special damage, loss and expense which Plaintiff and/or Plaintiff's Decedent claims resulted from the alleged incident, including but not limited to, hospital and medical expenses, lost earnings, household and other help at home and in business, property damages, and/or funeral expenses and state the name and address of the organization or person to whom each item of expense was paid or is payable.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiffs incorporate by reference the General Objections. Plaintiffs object to Interrogatory No 7 on the grounds that it is premature because Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial. Plaintiffs reserve the right to supplement this Interrogatory.

**INTERROGATORY NO. 8:**

If violations of Plaintiff and/or Plaintiff's Decedent's constitutional rights are claimed, state each and every act committed by each Defendant(s) or its representatives, employees, or agents that constituted a deprivation of Plaintiffs and/or Plaintiffs decedent's constitutional rights, specifying how each Defendant(s) or its representatives, employees, or agents is alleged to have acted unconstitutionally and in what manner.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiffs incorporate by reference the General Objections. Plaintiffs object to this Interrogatory on the grounds that it is premature because Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial. Plaintiffs reserve the right to supplement this Interrogatory.

**INTERROGATORY NO. 9:**

If violations of statutes, ordinances, codes, rules or regulations are claimed against Defendants, set forth the statutes, ordinances, codes, rules, regulations or laws of the United States, New York State, County of Onondaga, administrative or regulatory agencies which are claimed to have been violated by Defendant(s) or its representatives, employees, or agents and the facts and circumstances supporting your allegation for each Defendant.

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiffs incorporate by reference the General Objections. Plaintiffs object to this Interrogatory on the grounds that it is premature because Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial. Plaintiffs reserve the right to supplement this Interrogatory.

**INTERROGATORY NO. 10:**

If lost wages are alleged, provide the following information with respect to Plaintiffs and/or Plaintiffs decedent's employment history for the five years preceding the date of the incident and for all years subsequent thereto:

      a.      The nature of the employment;

      b.      The name and address of the employer(s);

      c.      The average weekly wage or monthly earnings;

      d.      The period of time, including relevant dates, during which Plaintiff and/or Plaintiffs decedent alleges s/he was prevented from carrying on her/his usual occupation;

      e.      The actual total loss, in dollars, of earnings as a result of the incident set forth in the complaint.

**RESPONSE TO INTERROGATORY NO. 10:**

      Plaintiffs incorporate by reference the General Objections. Plaintiffs object to Interrogatory No. 10 on the grounds that it is premature because Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial. Plaintiffs reserve the right to supplement this Interrogatory.

**INTERROGATORY NO. 11:**

Provide the following information with respect to whether any civil suits other than the instant matter have been instituted by Plaintiff:
      a. The Court in which the civil suit was commenced;
      b. Caption and Index number;
      c. Whether discovery and/or depositions have been completed;
      d. Whether the civil suit has been resolved and if so, the nature of the result.

**RESPONSE TO INTERROGATORY NO. 11:**

      Plaintiffs incorporate, by reference the General Objections. Subject to and without waiving these objections, at this time, Plaintiffs state that there are no other civil suits relating to the instant matter have been filed.

**INTERROGATORY NO. 12:**
Identify each person whom Plaintiff expects to call as an expert witness at trial and state the following for each:
a.      The subject matter on which the expert is expected to testify;

b.      The substance of the opinions and conclusions to which the expert is expected to testify;

c.         A summary of the groW1ds for each such opinion and conclusion; and

d.         Identify each expert's resume or curriculum vitae.

**RESPONSE TO INTERROGATORY NO. 12:**

      Plaintiffs incorporate by reference the General Objections. Plaintiffs object to this Interrogatory on the grounds that it is premature because Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial.
      Subject to and without waiving these objections, Plaintiffs state that no expert witness has yet to be retained as it is premature to do so. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Interrogatory No. 12, Plaintiffs agree to timely provide Defendants with the matter in which any yet to be retained expert is expected to testify, the facts and opinions upon which each expert is expected to testify and the grounds for each opinion, and with a copy of any resume or curriculum vitae.

Dated: August 20, 2021　　　　　　　　　　　　By: */s/ Hillary Nappi*
　　　　　　　　　　　　　　　　　　　　　　　　**Hillary Nappi. Esq.**
　　　　　　　　　　　　　　　　　　　　　　　　hnappi@hrsclaw.com

　　　　　　　　　　　　　　　　　　　　　　　　**HACH ROSE SCHIRRIPA**
　　　　　　　　　　　　　　　　　　　　　　　　**& CHEVERIE, LLP**
　　　　　　　　　　　　　　　　　　　　　　　　112 Madison Avenue, 10th Floor
　　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　　　　　　　Telephone:    (212) 213-8311
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:    (212) 779-0028

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on August 20, 2021, I caused a copy of Plaintiffs' Responses and Objections to Defendants' Notice to Produce to be served via email and U.S. Mail upon counsel of record for Defendants, addressed as follows:

LETITIA JAMES
Attorney General of the State of New York Attorney for Defendants
300 S. State Street, Suite 300 Syracuse, New York 13202
Aimee Cowan, Esq. Assistant Attorney
Email: aimee.cowan@ag.ny.gov

/s/ *Hillary M. Nappi*