UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Estate of Joseph P. King, by and through its Administratrix, Amy King, and Amy King, in her own right,<br><br>Plaintiffs,<br><br>v.<br><br>Anthony J. Annucci, Acting Commissioner, State of New York Department of Corrections, in his individual capacity; and Marie T. Sullivan, MD, Commissioner, State of New York Department of Mental Health, in her individual capacity Jami Palladino, Mid-State Social Worker, in her individual capacity; Hal Meyers, Mid-State Chief Mental Health Counselor, in his individual capacity;<br>Defendants. | INDEX NO. 9:20-cv-1413 |

**PLAINTIFFS' RESPONSES TO DEFENDANTS' NOTICE TO PRODUCE DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of New Jersey, Plaintiffs hereby respond and object to Defendants' Notice to Produce Documents (the "Demand").

**RESPONSES AND OBJECTIONS TO DOCUMENT DEMANDS**

The following general responses and objections ("General Objections") are incorporated into each specific response and objection as if fully set forth herein:

1. Plaintiffs object to the Demand insofar as they seek information beyond that required under the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United States District Court for the District of New Jersey ("local rules").

2. Plaintiffs object to the Demand to the extent that they rely on Instructions or Definitions that are inconsistent with the FRCP and the local rules.

1

3. Plaintiffs object to the Demand to the extent they purport to require information not in Plaintiffs' possession, custody, or control, including documents that may once have been in Plaintiffs' possession, custody or control.

4. Plaintiffs object to the Demand to the extent that they seek information which is publicly available or otherwise already in Defendants' possession, custody or control, and assert that such Interrogatories are unduly burdensome.

5. Plaintiffs object to the Demand to the extent that they seek information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiffs object to the Demand to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work-product doctrine or other applicable privilege.

7. Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiffs' right to supplement, amend or correct these responses as appropriate prior to trial. Plaintiffs' responses are based upon, and, therefore, are limited by Plaintiffs' present knowledge and recollection; and consequently, Plaintiffs reserve the right to make changes to these responses.

8. Inadvertent production or disclosure by Plaintiffs of any information that is confidential, privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, document(s), or the subject matter thereof.

9. Plaintiffs object to the Demand to the extent that the information sought is premature at this stage of the litigation.

10. Plaintiffs object to the Demand to the extent they assume disputed facts or legal conclusions. Further, Plaintiffs do not admit any such disputed facts or legal conclusions and any information provided with respect to any such request is without prejudice to this objection.

11. Plaintiffs object to the Demand to the extent that they seek information pertaining to Plaintiff's claims and contentions prior to the conclusion of merits discovery.

12. No incidental or implied admissions are intended in these responses. Plaintiffs' responses to all or any part of the Demand should not be taken as an admission that Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Demand; or that Plaintiffs has in its possession, custody or control documents responsive to the Demand; or that documents responsive to the Demand exist. Plaintiffs' response to all or any part of any of the Demand is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of objection(s) to that Demand.

13. The fact that Plaintiffs have answered or objected to any Demand in part thereof should not be taken as an admission that Plaintiffs accept or admits the existence of any facts or documents set forth or assumed by such Demand or that such answer or objection constitutes admissible evidence.

14. In providing responses to the Demand, Plaintiffs do not in any way waive or intend to waive, but rather preserves and intends to preserve:

   a) all objections as to the competency, relevancy, materiality and admissibility of any information provided in response to the Demand;

   b) all objections as to vagueness, ambiguity or other infirmity in the form of Demand, and any objections based on the undue burden imposed thereby;

   c) all rights to object on any ground to the use of any of the information provided in response to the Demand in any subsequent proceedings, including the trial of this or any other action;

   d) all rights to object on any ground to any other discovery requests involving or related to the subject matter of the Demand;

   e) the right to revise, correct, supplement or clarify any of the responses to the Demand; and

   f) any and all privileges or rights under the applicable FRCP and the local rules, or other

statutes or the common law.

15. Each of the following responses shall be deemed to incorporate and be subject to the foregoing objections.

## SPECIFIC RESPONSES

**Demand No. 1:**

Provide a copy of any and all documents relating to Plaintiffs appointment by the Oneida County Surrogate's court duly appointing her as the Administratrix of the Estate of Joseph P. King.

**Response to Demand No. 1:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 1, Plaintiff responds as follows: see the annexed document production bearing bates numbers KING538-562.

**Demand No. 2:**

Provide any and all hospital, medical, physician and/or psychiatric records or reports pertaining to any injury, illness, disorder or disability alleged in the complaint, including Plaintiffs and/or Plaintiffs decedent's pre-existing injuries.

**Response to Demand No.2:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 2 on the ground that the documents sought by Defendants are in their custody and control.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 2, Plaintiffs respond as follows: Plaintiffs are not in possession of any such responsive documents. However, to the extent such documents exist and could be located after a reasonably diligent search, Plaintiffs will produce the relevant documents.

**Demand No. 3:**

Provide executed HIPPA and New York State Office of Mental Health authorizations permitting the undersigned to obtain Plaintiff's and Plaintiff's decedent's medical and psychiatric records.

**Response to Demand No. 3:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. With respect to the Decedent, Plaintiffs object to Request No. 3 on the ground that the documents sought by Defendants are in their custody and control.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 3, Plaintiffs respond as follows: Plaintiff will produce duly executed authorizations.

**Demand No. 4:**

Provide a copy of any and all insurance agreements, primary, excess or otherwise, under which any person carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered into this action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response to Demand No. 4:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 4 on the ground that the documents sought by Defendants are in their custody and control.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 4, Plaintiffs respond as follows: Plaintiffs are not in possession of any such responsive documents. However, to the extent such documents exist and could be located after a reasonably diligent search, Plaintiffs will produce the relevant documents.

**Demand No. 5:**

Provide any and all photographs, audio recordings or videotapes of the scene of the occurrence(s), Plaintiffs and/or Plaintiffs decedent's alleged injuries, or any other matter described in the Amended Complaint.

**Response to Demand No. 5:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 5 on the ground that the documents sought by Defendants are in their custody and control.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 5, Plaintiffs respond as follows: Plaintiffs are not in possession of any such responsive documents. However, to the extent such documents exist and could be located after a reasonably diligent search, Plaintiffs will produce the relevant documents.

**Demand No. 6:**

Provide itemized bills for Plaintiffs and/or Plaintiffs decedent's item(s) of special damage, loss or expense, including, but not limited to, hospital and medical expenses, lost earnings, household and other help at home and in business, property damages, and/or funeral expenses.

**Response to Demand No. 6:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 6 on the ground that the documents sought are in the custody, care, and control of the Defendant. Plaintiffs further object on the ground that the documents sought are premature at this stage of the litigation since Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial.

**Demand No. 7:**

Provide all written or recorded statements of any witness or party identified in responses to Defendants' First Set of Interrogatories.

**Response to Demand No. 7:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 7 on the ground that the documents sought by Defendants are in their custody and control.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 7, Plaintiffs respond as follows: Plaintiffs are not in possession of any such responsive documents. However, to the extent such documents exist and could be located after a reasonably diligent search, Plaintiffs will produce the relevant documents.

**Demand No. 8:**

Provide all written statements or reports of any expert witnesses.

**Response to Demand No. 8:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 8 on the ground that the documents sought are premature at this stage of the litigation since Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 8, Plaintiffs respond as follows: Plaintiffs will produce reports of experts, if experts become retained.

**Demand No. 9:**

Provide all documents reflecting any communications of any kind to/from the Plaintiff and/or Plaintiffs decedent from/to any third persons, their agents, servants, employees or representatives concerning the incidents and claims in the Amended Complaint.

**Response to Demand No. 9:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 9 on the ground that the documents sought by Defendants are in their custody and control.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 9, Plaintiffs respond as follows: Plaintiffs are not in possession of any such responsive documents.

**Demand No. 10:**

Provide any and all documents relating to disability insurance, Social Security benefits and unemployment benefits claimed or received by Plaintiff for the five years prior to the incident and up to the present date. Please provide an authorization permitting the undersigned to obtain same.

**Response to Demand No. 10:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 10, Plaintiffs respond as follows: Plaintiffs are not in possession of any such responsive documents.

**Demand No. 11:**

Provide any and all documents relating to health insurance benefits claimed and/or received by Plaintiff for treatment rendered for the complained of injuries.

**Response to Demand No. 11:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 11, Plaintiffs respond as follows: Plaintiffs are not in possession of any such responsive documents.

**Demand No. 12:**

Provide copies of any statements made by Defendant(s), its agents, servants, employees or representatives.

**Response to Demand No. 12:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 12 on the ground that the documents sought by Defendants are in their custody and control.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 12, Plaintiffs respond as follows: Plaintiffs are not in possession of any such responsive documents.

**Demand No. 13:**

If lost wages are alleged, provide copies of Plaintiffs and/or Plaintiffs decedent's W-2s and tax returns for the five years prior to the incident set forth in the complaint and for all years subsequent thereto.

**Response to Demand No. 13:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 13 because the request is overboard and burdensome and not reasonably calculated to elicit relevant information and it seeks documents which are not relevant to the claims or defenses in this action. Plaintiff and Decedent's tax returns are not necessary to litigate the Constitutional and negligent causes of action in the present case. *See* FED.R.CIV.P. 26(b)(1)); *Trudeau v. New York State Consumer Protection Bd*., 237 FRD 325, 331 (NDNY 2006).

**Demand No. 14:**

If lost wages are alleged, provide an executed authorization allowing attorneys for the Defendants to obtain Plaintiffs and/or Plaintiffs decedent's employment records for the five years prior to the subject incident set forth in the complaint and for all years subsequent thereto.

**Response to Demand No. 14:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 14 because the request is overboard and burdensome and not reasonably calculated to elicit relevant information and it seeks documents which are not relevant to the claims or defenses in this action. Plaintiffs further object to the request to the extent it seeks records related to Amy King on the grounds that the request seeks information not relevant to the causes of action in this matter.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 14, Plaintiffs respond as follows: Plaintiffs are not in possession of any documents responsive to this Demand.

**Demand No. 15:**

Provide copies of any and all memos, notes, calendars, notebooks or any other writings kept and maintained by the Plaintiff that document any of the allegations in Plaintiffs Amended Complaint or any allegations she intends to present at trial.

**Response to Demand No. 15:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 15, Plaintiffs respond as follows: Plaintiffs are not in possession of any documents responsive to this Demand.

**Demand No. 16:**

Provide copies of all pleadings, demands, answers to demands, bills of particulars, records, reports, statements, documents, settlement documents, releases, deposition transcripts, trial transcripts, etc. of any other civil suit(s) which have been instituted by Plaintiff against any other individuals/entities and/or governmental agencies.

**Response to Demand No. 16:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 16, Plaintiffs respond as follows: Plaintiffs are not in possession of any documents responsive to this Demand.

**Demand No. 17**

Provide any other documents used to support allegations contained in Plaintiffs responses to Defendants' First Set of Interrogatories.

**Response to Demand No. 17:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 176, Plaintiffs respond as follows: Plaintiffs are not in possession of any further documents responsive to this Demand.

**Demand No. 18:**

To the extent not previously provided in response to any of the above demands, provide all documents and things that Plaintiff will use in support of her claims against Defendants.

**Response to Demand No. 18:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 18, Plaintiffs respond as follows: Plaintiffs are not in possession of any further documents responsive to this Demand.

Dated: August 20, 2021                             By: */s/ Hillary Nappi*
                                                                   **Hillary Nappi. Esq.**

hnappi@hrsclaw.com

**HACH ROSE SCHIRRIPA & CHEVERIE, LLP**
112 Madison Avenue, 10th Floor
New York, New York 10016
Telephone:     (212) 213-8311
Facsimile:      (212) 779-0028

## CERTIFICATE OF SERVICE

    I hereby certify that, on August 20, 2021, I caused a copy of Plaintiffs' Responses and Objections to Defendants' Notice to Produce to be served via email and U.S. Mail upon counsel of record for Defendants, addressed as follows:

LETITIA JAMES
Attorney General of the State of New York Attorney for Defendants
300 S. State Street, Suite 300 Syracuse, New York 13202
Aimee Cowan, Esq. Assistant Attorney
Email: aimee.cowan@ag.ny.gov

/s/ *Hillary M. Nappi*