UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Estate of Joseph P. King, by and through its Administratrix, Amy King, and Amy King, in her own right, | CIVIL ACTION |
| Plaintiff, | INDEX NO. 9:20-cv-1413 |
| v. | |
| Anthony J. Annucci, Acting Commissioner, State of New York Department of Corrections, in his individual capacity; and Marie T. Sullivan, MD, Commissioner, State of New York Department of Mental Health, in her individual capacity Jami Palladino, Mid-State Social Worker, in her individual capacity; Hal Meyers, Mid-State Chief Mental Health Counselor, in his individual capacity; | **PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION** |

## PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND REQUEST FOR PRODUCTION

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of New York, Plaintiffs hereby respond and object to Defendants' Second Notice to Produce Documents dated July 15, 2022 (the "Demand").

## RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND REQUESTS FOR PRODUCTION

The following general responses and objections ("General Objections") are incorporated into each specific response and objection as if fully set forth therein:

1. Plaintiffs object to the Demand insofar as they seek information beyond that required under the Federal Rules of Civil Procedure ("FRCP") and the Local Rules of the United

1

States District Court for the Northern District of New York ("local rules").

2. Plaintiffs object to the Demand to the extent that they rely on Instructions or Definitions that are inconsistent with the FRCP and the local rules.

3. Plaintiffs object to the Demand to the extent they purport to require information not in Plaintiffs' possession, custody, or control, including documents that may once have been in Plaintiffs' possession, custody or control.

4. Plaintiffs object to the Demand to the extent that they seek information which is publicly available or otherwise already in Defendants' possession, custody or control, and assert that such Interrogatories are unduly burdensome.

5. Plaintiffs object to the Demand to the extent that they seek information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiffs object to the Demand to the extent that they seek information which is protected from disclosure by the attorney-client privilege, work-product doctrine or other applicable privilege.

7. Plaintiffs have not completed (1) investigation of facts relating to this case; (2) discovery in this action; or (3) preparation for trial. The following responses are based upon information known at this time and are given without prejudice to Plaintiffs' right to supplement, amend or correct these responses as appropriate prior to trial. Plaintiffs' responses are based upon, and, therefore, are limited by Plaintiffs' present knowledge and recollection; and consequently, Plaintiffs reserve the right to make changes to these responses.

8. Inadvertent production or disclosure by Plaintiffs of any information that is confidential, privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information, document(s), or the subject matter thereof.

9. Plaintiffs object to the Demand to the extent that the information sought is premature at this stage of the litigation.

10. Plaintiffs object to the Demand to the extent they assume disputed facts or legal conclusions. Further, Plaintiffs do not admit any such disputed facts or legal conclusions and any information provided with respect to any such request is without prejudice to this objection.

11. Plaintiffs object to the Demand to the extent that they seek information pertaining to Plaintiff's claims and contentions prior to the conclusion of merits discovery.

12. No incidental or implied admissions are intended in these responses. Plaintiffs' responses to all or any part of the Demand should not be taken as an admission that Plaintiffs accept or admit the existence of any fact(s) set forth or assumed by the Demand; or that Plaintiffs has in its possession, custody or control documents responsive to the Demand; or that documents responsive to the Demand exist. Plaintiffs' response to all or any part of any of the Demand is not intended to be, and shall not be, a waiver by Plaintiffs of all or any part of objection(s) to that Demand.

13. The fact that Plaintiffs have answered or objected to any Demand in part thereof should not be taken as an admission that Plaintiffs accept or admits the existence of any facts or documents set forth or assumed by such Demand or that such answer or objection constitutes admissible evidence.

14. In providing responses to the Demand, Plaintiffs do not in any way waive or intend to waive, but rather preserves and intends to preserve:

   a) all objections as to the competency, relevancy, materiality and admissibility of any information provided in response to the Demand;

   b) all objections as to vagueness, ambiguity or other infirmity in the form of Demand, and any objections based on the undue burden imposed thereby;

   c) all rights to object on any ground to the use of any of the information provided in response to the Demand in any subsequent proceedings, including the trial of this or any other action;

   d) all rights to object on any ground to any other discovery requests involving or related to the subject matter of the Demand;

e) the right to revise, correct, supplement or clarify any of the responses to the Demand; and

f) any and all privileges or rights under the applicable FRCP and the local rules, or other statutes or the common law.

15. Each of the following responses shall be deemed to incorporate and be subject to the foregoing objections.

## SPECIFIC RESPONSES

**Demand No. 1:**

Provide itemized bills and all documents reflecting Plaintiff's beneficiaries claimed pecuniary loss and economic damage and loss, as alleged in paragraph 101 of plaintiff's Amended Complaint.

**Response to Demand No. 1:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No.1, Plaintiffs are not in possession of any further documents responsive to this Demand.

**Demand No. 2:**

Provide itemized bills and all documents reflecting any claims of loss of earnings. Loss of society, loss of companionship, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care as alleged in paragraph 101 of Plaintiff's Amended Complaint.

**Response to Demand No. 2:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 2, Plaintiffs are not in possession of any further documents responsive to this Demand.

**Demand No. 3:**

Provide itemized bills and all documents reflecting Plaintiff's decedent's funeral expenses and medical bills, as alleged in paragraph 107 of Plaintiff's Amended complaint.

**Response to Demand No. 3:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No.3, Plaintiffs are not in possession of any further documents responsive to this Demand.

**Demand No. 4:**

If lost wages are alleged, provide copies of Plaintiff's decedent's W-2s and tax returns for the five years prior to Plaintiff's decedent's incarceration. If lost wages are not alleged and will not be incorporated as part of a damages' calculation at trial, so state.

**Response to Demand No. 4:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 4 because the request is overboard and burdensome and not reasonably calculated to elicit relevant information and it seeks documents which are not relevant to the claims or defenses in this action. Plaintiff and Decedent's tax returns are not necessary to litigate the Constitutional and negligent causes of action in the present case. *See* FED.R.CIV.P. 26(b)(1)); *Trudeau v. New York State Consumer Protection Bd.*, 237 FRD 325, 331 (NDNY 2006).

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 4, Plaintiffs are not claiming lost wages, at this time.

**Demand No. 5:**

If lost wages are alleged, provide an executed authorization allowing attorneys for the Defendants to obtain Plaintiff's decedent's employment records for the five years prior to Plaintiff's decedent's incarceration. If lost wages are not alleged and will not be incorporated as part of a damages calculation at trial, so state.

**Response to Demand No. 5:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Plaintiffs object to Request No. 5 because the request is overboard and burdensome and not reasonably calculated to elicit relevant information and it seeks documents which are not relevant to the claims or defenses in this action. Plaintiffs further object to the request to the extent it seeks records related to Amy King on the grounds that the request seeks information not relevant to the causes of action in this matter.

Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 5, Plaintiffs respond as follows: Plaintiffs are not claiming lost wages, at this time.

**Demand No. 6:**

Provide copies of all documents reflecting any communications of any kind sent between plaintiff's decedent and Plaintiff, or between plaintiff's decedent and either of Plaintiff's children during Plaintiff's decedent's incarceration.

**Response to Demand No. 6:**

Plaintiffs repeat and incorporate by reference the General Objections set forth above. Subject to and without waiver of the foregoing General and Specific Objections and Plaintiffs' right to supplement the response to Request No. 6, Plaintiffs respond as follows: Please see documents attached and bates numbered KING861 to KING893.

Dated: August 18, 2022

                                                Respectfully submitted,

                                                ***/s/ Yamile Kalkach***
                                                Yamile Kalkach, Esq.
                                                Hillary Nappi
                                                HACH ROSE SCHIRRIPA & CHEVERIE, LLP
                                                112 Madison Avenue, 10th Floor
                                                New York, New York 10016
                                                Tel: (212) 213-8311
                                                ykalkach@hrsclaw.com
                                                Attorneys for Plaintiff

## **PROOF OF SERVICE**

I, the undersigned, do hereby certify that on the August 18, 2022, a true and correct copy of the above and foregoing was served by regular mail to the following address:

New York State Attorney General – Syracuse Regional Office
Assistant Attorney General
Aimee Cowan
300 South State Street Suite 300
Syracuse, NY 13202
Tel: (315) 448-4800
*Attorney for defendants*

_/s/ Yamile Kalkach_____
Yamile Kalkach