# EXHIBIT D



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

The Estate of Joseph P. King, by and through its
Administratrix, Amy King, and Amy King in her own right,
                                                          *Plaintiff*,

-against-

Anthony J. Annucci, Acting Commissioner, State of New
York Department of Corrections, in his individual capacity;
and Marie T. Sullivan, Commissioner, State of New York
Department of Mental Health, in her individual capacity;
Jami Palladino, Mid-State Social Worker, in her individual
capacity; Hal Meyers, Mid-State Chief Mental Health Counselor,
in his individual capacity;

                                             *Defendants*.

**DEFENDANT PALLADINO'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

9:20-CV-1413
(TJM/ML)

---

Defendant Jami Palladino ("Defendant") by her attorney, Letitia James, Attorney General of the State of New York, Aimee Cowan, Assistant Attorney General, of counsel hereby respond to Plaintiff's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

1. These responses and objections are made based on Defendant's knowledge of the facts and information presently available. Defendant's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

2. Defendant's responses and objections to requests or the production of any documents shall not be construed as: (a) an admission as to the relevance, admissibility, or materiality of

1

any such documents or their subject matter; (b) a waiver or abridgement of any applicable privilege; or (c) an agreement that requests for similar documents will be treated similarly.

3. By making the accompanying responses and objections to Plaintiff's First Set of Interrogatories, Defendant does not waive, and hereby expressly reserves, her right to assert any and all objections as to the admissibility of such responses into evidence in this action, on any and all grounds permitted or consistent with the Federal Rules of Evidence and any applicable privilege.

4. Defendant reserves all of her rights to object to the admissibility of any part of any document produced in response to any request or information contained in any such document.

5. Defendant reserves all of her rights, including her rights to supplement, amend, modify, revise, clarify or correct any or all of her responses and objections to these requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Defendant objects to each instruction, each definition, and each document demand to the extent that it purports to impose upon Defendant any requirement or discovery obligations greater than or different from those set forth in the Federal Rules of Civil Procedure and the applicable Local Rules and Orders of this Court.

7. Defendant objects to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendant objects to Plaintiff's First Set of Interrogatories to the extent they are posed without time limitation, vague, ambiguous, and/or susceptible to numerous interpretations.

9. Defendant objects to each instruction, definition, and document requests, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, law enforcement privilege, Civil Rights Law §50-a, or any other applicable

privilege. Should any such disclosure by Defendant occur, it is inadvertent and shall not constitute a waiver of any privilege.

10. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendant does not waive her right to amend her responses.

## RESPONSES

**INTERROGATORY 1:** Identify each person answering these interrogatories, supplying information, or assisting in any way with the preparation of the answers to these interrogatories.

Response: **Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant specifically objects to this demand to the extent it requests identification of each person "assisting in any way" as overly broad, unduly burdensome and vague.**

**Notwithstanding such objections, Defendant Jami Palladino supplied information and assisted in preparing answers to these interrogatories. AAG Aimee Cowan drafted responses to these interrogatories. New York State Office of Mental Health Associate Counsel Margaret Drake assisted in providing documents responsive to these demands.**

**INTERROGATORY 2:** Identify all persons or entities that have possession, custody, or control of documents relevant to this suit and the documents over which they have possession, custody, or control.

Response: **Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Specifically, Defendant objects to this demand for documents "relevant to this suit" as vague, ambiguous and overly broad. Defendant objects to this demand to the extent that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

**Notwithstanding such objections, documents that I believe are relevant to this suit are included in Decedent's DOCCS medical records and Office of Mental Health records.**

3

**INTERROGATORY 3:** For any statements that have been taken from Decedent, or taken on Decedent's behalf, relating to the facts that are the subject of this litigation, please state the following:

    a. The identity of the person who gave or made the statement.

    b. The substance of the statement.

    c. The date when the statement was taken.

    d. The identity of the person who took the statement.

    e. Whether the statement was reduced to writing.

    f. The present location of the statement and the identity of the person now in possession of the statement.

    g. Whether Defendant will, without a formal request to produce, attach a copy of all statements described in the answer to this interrogatory.

<u>Response</u>: **Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Specifically, Defendant objects to this demand for "statements" as overly broad and vague. Defendant objects to this demand for statements "taken on Decedent's behalf" as vague and ambiguous. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

**Notwithstanding such objections, my interactions with Decedent are memorialized in his Office of Mental Health records. Please provide a duly executed authorization for the release of Decedent's Office of Mental Health records.**

**INTERROGATORY 4:** Identify all prior incidents involving an accusation for failure to provide medical treatment against You. Respond as follows:

    a. State the date of the incident.

    b. State the surrounding circumstances and a description of the failure to provide medical treatment.

    c. State the final resolution of the incident.

<u>Response</u>: **Defendant objects to this demand on the grounds that it is overly broad,**

4

unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence. Defendant specifically objects to this demand to the extent it requests prior incidents involving an "accusation" for "failure to provide medical treatment" on the grounds that it is vague, ambiguous and overly broad. Defendant objects to this demand to the extent that it demands prior incidents where Defendant failed to provide "medical treatment," given that I do not and cannot provide medical treatment; I am a Licensed Clinical Social Worker who never provided medical treatment to Decedent or any other inmate.

Notwithstanding such objections, I have never had any complaints or lawsuits filed against me.

**INTERROGATORY 5:** Identify all previous complaints or lawsuits that have been filed against You within the last five years preceding the date of the events giving rise to this lawsuit.

Response: Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand for previous "complaints" filed against Defendant as vague and ambiguous. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Notwithstanding such objections, I have not had any complaints or lawsuits filed against me in the five years preceding November 2018.

**INTERROGATORY 6:** Identify and describe all interactions, including conversations or physical contact You had with Joseph King during his incarceration in November 2018.

Response: Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence. Defendant specifically objects to a request for a description of "all interactions, including conversations or physical contact" between Defendant and Joseph King, on the grounds that it is vague, unduly burdensome and overly broad.

Notwithstanding such objections, my conversations with Decedent King during November 2018 are memorialized within his Office of Mental Health records. Please provide a duly executed authorization for the release of Decedent's Office of Mental Health records.

5

**INTERROGATORY 7:** State whether you have obtained any statements, written or oral, from any potential witnesses in this matter, and, if so, set forth for each statement:

   a. Identify the potential witness;
   b. The date that the witness' statement was made;
   c. A summary of the witness' statement;
   d. Identify the person who obtained the statement or to whom the statement was made; and;
   e. The location where the witness' statement is being maintained.

Response: **Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence. Defendant specifically objects to a demand for "statements" from "potential witnesses in this matter," on the grounds that it is vague and ambiguous. If "this matter" refers to events leading up to Decedent's suicide on November 16, 2018, then I did not obtain any "statements" from any witnesses. After Decedent's suicide, I may have provided mental health services to officers involved in rendering him medical care on the date of the incident. Those documents, to the extent they exist, are privileged mental health information.**

**INTERROGATORY 8:** State and describe in detail all evidence including documents, affidavits, and/or statements upon which you intend to rely or submit as evidence at trial.

Response: **Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand as premature, given that discovery has not yet been completed.**

**Notwithstanding such objections, please refer to Decedent's Office of Mental Health records. I reserve my right to amend this response.**

**INTERROGATORY 9:** Identify each denial of a material allegation and each affirmative defense in Your Answer to the Amended Complaint, and for each:

   a. State all facts upon which You base the denial or affirmative defense;
   b. Identify all persons who have knowledge of those facts; and
   c. Identify all documents and tangible things that support your denial or affirmative defense and attach copies to the answers to these Interrogatories.

6

Response: Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence. Specifically, Defendant objects to this demand on the grounds that it calls for a legal conclusion. In fact, this request is a "contention interrogatory," which is permitted by Fed. R. Civ. P. 33(c) but the obligation to respond should be postponed until the end of the discovery period, absent a showing by the requesting party of a particular need. *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 195 (E.D.N.Y. 2009). *See also*, Fed. R. Civ. P. 33 advisory committee's note, 1970 amendment ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer").

Given that Plaintiff has not demonstrated a "particular need" requiring a response to these interrogatories prior to the end of discovery, Defendant reserves the right to amend these responses.

**INTERROGATORY 10:** Describe your responsibilities/occupational duties in November 2018 and describe:

a. How your responsibilities/occupational duties related to Decedent King;
b. Identify all persons who you oversaw your responsibilities/occupational duties;
c. Identify all persons who reported to you during in the relevant time period and describe their role in your responsibilities/occupational duties;
d. Identify all persons who have knowledge of those facts; and
e. Identify any documents which support this answer.

Response: Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

Notwithstanding such objections:

a. Decedent King was my patient. I provide monthly therapy sessions to my patients unless they request to be seen more often or an emergency arises. According to OMH records, I only provided the required monthly therapy session to Decedent King in November 2018.

b. In November 2018, Unit Chief Harold Meyers was my direct

7

       supervisor.

   c. In November 2018, I did not have any employees who reported to me.

   d. Objection to this demand as vague, ambiguous and overly broad. Objection to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.

   e. Objection to this demand as vague, ambiguous and overly broad. Notwithstanding such objections, my job title in November 2018 was a Social Worker 2. The New York State Civil Service job description details my job responsibilities. OMH records reflect my therapy sessions with Decedent.

**INTERROGATORY 11:** State the name and titles of all persons tasked with providing medical care to Decedent King.

**Response:** Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence. Defendant specifically objects to this demand to the extent it requests the names and titles of all persons "tasked with providing medical care" on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and outside the relevant time period. Defendant objects to this demand to the extent that it demands the identities of individuals who provided Decedent medical treatment, given that I do not and cannot provide medical treatment; I am a Licensed Clinical Social Worker who never provided medical treatment to Decedent or any other inmate.

Notwithstanding such objections, Decedent's medical care received through DOCCS is documented in his DOCCS medical records. I am unaware of the identities of persons who provided medical care to Decedent either within DOCCS or by outside facilities/institutions/providers.

**INTERROGATORY 12:** Identify all written policies concerning medical treatment provided to inmates concerning mental health, including but not limited to, treatment for reported suicidal ideation. Respond as follows:

   a. The date of the policy
   b. The author of the policy
   c. The date of updates for the policy;
   d. The frequency of review of the policy; and
   e. Where the policy is stored and maintained.

8

<u>Response</u>: **Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence. Defendant objects to this demand given that I do not and cannot provide medical treatment; I am a Licensed Clinical Social Worker who never provided medical treatment to Plaintiff's decedent or any other inmate. Defendant objects to this demand to the extent that it characterizes Decedent as reporting suicidal ideation prior to his death. Defendant objects to this demand to the extent that it is outside the purview of this Defendant, who does not update, review, store or maintain Office of Mental Health policies.**

**Notwithstanding such objections, see Exhibits "A," "B," "C," "D," and "E."**

**INTERROGATORY 13:** Identify all written policies concerning the use of shoelaces by inmates. Respond as follows:

   a. The date of the policy
   b. The author of the policy
   c. The date of updates for the policy;
   d. The frequency of review of the policy; and
   e. Where the policy is stored and maintained.

<u>Response</u>: **Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand for written policies "concerning the use of shoelaces by inmates" as vague, ambiguous and overly broad. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence. Defendant objects to the extent that this demand is outside her purview as an Office of Mental Health employee.**

**Notwithstanding such objections, Defendant is not aware of any Office of Mental Health policies specifically responsive to this request.**

**DEFENDANT RESERVES THE RIGHT TO AMEND THESE RESPONSES.**

Dated:       November 23, 2021
           Syracuse, New York

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendants
Syracuse Regional Office
300 S. State Street, Suite 300
Syracuse, New York 13202

By: _____
Aimee Cowan
Assistant Attorney General, of Counsel
Bar Roll No. 516178
Telephone: (315) 448-4800
Fax: (315) 448-4852 (Not for service of papers.)
Email: Aimee.Cowan@ag.ny.gov

To:   Hach Rose Schirripa & Cheverie, LLP
      Hillary Nappi
      Frank R. Schirripa
      112 Madison Avenue
      New York, NY 10016

      Lento Law Group, P.C.
      Douglas Scott Wiggins
      *Admission Pending*
      1500 Market Street
      12th Floor - East Tower
      Philadelphia, PA 19102

## VERIFICATION

Jami Palladino, being duly sworn, says I have read the foregoing Defendant's Responses to Plaintiff's First Set of Interrogatories and know the contents thereof, and that the same is true of my own knowledge, except as to those matters herein stated to be alleged on information and belief and that as to those matters I believe it to be true.

_Jami Palladino_
JAMI PALLADINO

Sworn to before me this

23 day of November, 2021.

_Lissa J. Graveline_
Notary Public

LISSA J. GRAVELINE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ONEIDA COUNTY
NO. 01GR6187220
MY COMMISSION EXPIRES MAY 19, 2023

11