# EXHIBIT J


SCANNED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

The Estate of Joseph P. King, by and through its
Administratrix, Amy King, and Amy King in her own right,
                                  *Plaintiff*,

            -against-

Anthony J. Annucci, Acting Commissioner, State of New
York Department of Corrections, in his individual capacity;
and Marie T. Sullivan, Commissioner, State of New York
Department of Mental Health, in her individual capacity;
Jami Palladino, Mid-State Social Worker, in her individual
capacity; Hal Meyers, Mid-State Chief Mental Health Counselor,
in his individual capacity;

                                  *Defendants*.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

9:20-CV-1413
(TJM/ML)

---

Defendants, Anthony J. Annucci, Acting Commissioner, State of New York Department of Corrections, in his individual capacity; and Marie T. Sullivan, Commissioner, State of New York Department of Mental Health, in her individual capacity; Jami Palladino, Mid-State Social Worker, in her individual capacity; Hal Meyers, Mid-State Chief Mental Health Counselor, in his individual capacity ("Defendants"), by and through his attorney, Letitia James, Attorney General of the State of New York, Aimee Cowan, Esq., Assistant Attorney General, Of Counsel, hereby responds to Plaintiff's First Set Requests for Production as follows:

**GENERAL OBJECTIONS**

1. These responses and objections are made based on Defendants' knowledge of the 's and information presently available. Defendants' investigation and development of all facts

1

and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Defendants' right to rely on other facts or documents at trial.

2. Defendants' responses and objections to requests or the production of any documents shall not be construed as: (a) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (b) a waiver or abridgement of any applicable privilege; or (c) an agreement that requests for similar documents will be treated similarly.

3. By making the accompanying responses and objections to Plaintiff's First Set of Requests for Production, Defendants do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, on any and all grounds permitted or consistent with the Federal Rules of Evidence and any applicable privilege.

4. Defendants reserves all of their rights to object to the admissibility of any part of any document produced in response to any request or information contained in any such document.

5. Defendants reserve all of their rights, including their rights to supplement, amend, modify, revise, clarify or correct any or all of their responses and objections to these requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

6. Defendants object to each instruction, each definition, and each document demand to the extent that it purports to impose upon Defendants any requirement or discovery obligations greater than or different from those set forth in the Federal Rules of Civil Procedure and the

applicable Local Rules and Orders of this Court.

7. Defendants object to each document request that is overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendants object to Plaintiff's First Set of Requests for Production to the extent they are posed without time limitation, vague, ambiguous, and/or susceptible to numerous interpretations.

9. Defendants object to each instruction, definition, and document requests, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, law enforcement privilege, Civil Rights Law §50-a, or any other applicable privilege. Should any such disclosure by Defendants occur, it is inadvertent and shall not constitute a waiver of any privilege.

10. Defendants incorporate by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Defendants do not waive their right to amend their responses.

## DOCUMENT REQUEST RESPONSES

1. All documents concerning Standard Operating Procedures and Policies at Mid-State Correctional, currently in effect including each date of adoption and authorization to implement.

**Response**: **Defendants object to this request on the grounds that it is improper and calls for information that is protected by Penological interests. Defendants object to this demand to the extent it requests information regarding documents, procedures and practices which are essential to maintaining a secure facility and cannot be shared with inmates. Further, Defendants object on the grounds that this request is overly broad, vague and not relevant to the issues**

3

**in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case.**

**Specifically, Defendants object to this demand for "all documents concerning Standard Operating Procedures and Policies at Mid-state Correctional" as not limited in time, vague, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case.**

2. All documents concerning King's medical or mental health treatment at the Midstate Correctional.

**Response:** **Defendants object on the grounds that this request is overly broad and vague. Specifically, Defendants object to this demand for all documents "concerning" King's medical or mental health treatment as vague and overly broad.**

**Notwithstanding such objections, Plaintiff's DOCCS medical records have been previously provided. Please provide a duly executed Office of Mental Health authorization for the release of Decedent's Office of Mental Health records.**

3. All security/video camera footage capturing any portion of Mid-State Correctional from November 15, 2018 through November 16, 2018 depicting King.

**Response:** **Defendants object to this request on the grounds that it is improper and calls for information that is protected by Penological interests. Defendants object to this demand to the extent it requests information regarding video recordings that are essential to maintaining a secure facility and cannot be shared with inmates. Further, Defendants object on the grounds that this request is overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case.**

**Notwithstanding such objections, Defendants are not in possession, custody or control of any materials responsive to this request.**

4. All manuals, guidelines or other written material reflecting the policies and procedures for responding to inmates' medical needs within Mid-State Correctional, including all versions in place on November 16, 2018 and any revisions or updated

4

versions created since that time.

**Response**: **Defendants object to this request on the grounds that it is improper and calls for information that is protected by Penological interests. Defendants object to this demand to the extent it requests information regarding documents, procedures and practices which are essential to maintaining a secure facility and cannot be shared with inmates. Further, Defendants object on the grounds that this request is overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Defendants object to this demand to the extent it requests documents privileged under New York State Education Law §6527.**

**Notwithstanding such objections,** *see* **Defendant Annucci's Responses to Plaintiff's First Set of Interrogatories, Exhibit "A"**

5. All documents relating to King's medical records or treatment provided by employees of Defendants.

**Response**: **Defendants object on the grounds that this request is overly broad and vague. Specifically, Defendants object to this demand for all documents "relating to" King's medical records or "treatment provided by employees of Defendants" as vague and overly broad.**

**Notwithstanding such objections, Plaintiff's DOCCS medical records have been previously provided. Please provide a duly executed Office of Mental Health authorization for the release of Decedent's Office of Mental Health records.**

6. All tort claims notices, insurance claims, or complaints where the subject matter or claim involved lack of medical treatment or inadequate medical treatment by any employee of the Defendants from 2015 through present.

**Response**: **Defendants object to this request on the grounds that it is improper and calls for information that is protected by Penological interests. Further, Defendants object on the grounds that this request is unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Mere allegations of civil rights violations are neither relevant nor admissible. Specifically, Defendants object to this demand to the extent it requests information for employees who are not defendants in this matter on the grounds that this request is overly broad,**

5

**vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Plaintiff has not alleged that any Defendant failed to provide Decedent any medical treatment or provided him with inadequate medical treatment.**

**Notwithstanding such objections, litigation is a matter of public record but neither DOCCS nor OMH tracks or maintain complaints/litigation by subject matter. Complaints/litigation notices are not cataloged by subject matter, so an unduly burdensome review of all employees would be required and will not be performed.**

7. All documents maintained by any Defendants concerning or relating King

and/or this litigation.

**Response**: **Defendants object on the grounds that this request is unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Specifically, Defendants object to this demand for all documents "concerning or relating to King and/or this litigation" as overly broad, vague and ambiguous. Defendants object to the extent this demand requests documents protected by attorney/client privilege or the work product doctrine.**

**Notwithstanding such objections, see documents previously disclosed and the documents attached hereto as <u>Exhibit "A"</u>. Please provide a duly executed Office of Mental Health authorization for the release of Decedent's Office of Mental Health records. Please provide a duly executed Confidentiality Stipulation and Protective Order, and disclosure of DOCCS' Office of Special Investigations materials will be provided upon receipt of same (see Rule 26 Disclosures dated May 11, 2021).**

8. All documents concerning and contained in the personnel files of employees

who had contact with King from October 1, 2018 through November 16, 2018 maintained

by Defendants.

**Response**: **Defendants object on the grounds that this request is unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Specifically, Defendants object to this demand for all documents "concerning and contained in the personnel files of**

6

employees who had contact with King..." as overly broad, vague and ambiguous.

Defendants' object to this demand for <u>all</u> documents in <u>all</u> personnel files of employees who had "contact" with King as overly broad, unduly burdensome, vague, ambiguous, improper, and not reasonably calculated to lead to the discovery of relevant, admissible evidence that is proportional to the needs of this case. Lastly, Defendants object to this request as privileged under Civil Rights Law §50-a.

Notwithstanding such objections, please provide a duly executed Office of Mental Health authorization for the release of Decedent's Office of Mental Health records. Decedent's OMH records will indicate who treated him during the requested time period. *See also*, Decedent's DOCCS medical records previously disclosed.

9. Documents concerning any suspensions or other discipline issued to employees who had contact with King from October 1, 2018 through November 16, 2018 maintained by Defendants.

<u>Response</u>: Defendants object on the grounds that this request is unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Specifically, Defendants object to this demand for all documents "concerning any suspensions or other discipline issued to employees who had contact with King..." as overly broad, vague and ambiguous.

Defendants' object to this demand for documents concerning discipline of employees who had "contact" with King as overly broad, unduly burdensome, vague, ambiguous, improper, and not reasonably calculated to lead to the discovery of relevant, admissible evidence that is proportional to the needs of this case. Lastly, Defendants object to this request as privileged under Civil Rights Law §50-a.

Notwithstanding such objections, please provide a duly executed Office of Mental Health authorization for the release of Decedent's Office of Mental Health records. Decedent's OMH records will indicate who treated him during the requested time period. *See also*, Decedent's DOCCS medical records previously disclosed.

10. All documents concerning any complaint, formal or informal, including but not limited to

7

internal complaints including civil action, and/or citizen complaints, lodged against or employees who had contact King from October 1, 2018 through November 17, 2018 maintained by Defendants.

    **Response**: **Defendants object on the grounds that this request is not limited in time, unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Specifically, Defendants object to this demand for all documents "concerning any suspensions or other discipline issued to employees who had contact with King…" as overly broad, vague and ambiguous.**

    **Defendants' object to this demand for documents concerning discipline of employees who had "contact" with King as overly broad, unduly burdensome, vague, ambiguous, improper, and not reasonably calculated to lead to the discovery of relevant, admissible evidence that is proportional to the needs of this case. Lastly, Defendants object to this request as privileged under Civil Rights Law §50-a.**

    **Notwithstanding such objections, complaints are not maintained by OMH employee name but are in each individual inmate's clinical file or Risk management file. Defendants object to this demand as unduly burdensome.**

11. All statements provided to police or any investigator by any individual concerning the November 16, 2018 incident.

    **Response**: **Defendants object on the grounds that this request is unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Specifically, Defendants object to this demand for "all statements" "by any individual concerning the November 16, 2018 incident" as overly broad, vague and ambiguous. Defendants object to this demand to the extent it requests documents privileged under New York State Education Law §6527.**

    **Notwithstanding such objections, see New York State Police Documents previously disclosed and Mid-State Correctional Facility documents previously disclosed. Please provide a duly executed Confidentiality Stipulation and Protective Order, and disclosure of DOCCS' Office of Special Investigations materials will be provided upon receipt of same (see Rule 26 Disclosures dated May 11, 2021).**

12. All policies concerning future treatment of inmates who have attempted

8

suicide from January 2016 through the present.

**Response**: **Defendants object on the grounds that this request is unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Defendants object to this demand to the extent it requests policies not in place at the time of the incident as irrelevant.**

**Notwithstanding such objections, OMH policies for the treatment of an inmate who attempted suicide will initially be related to policies for individuals in crisis, but then will pertain to the entire policy manual for corrections based treatment. Since such policies are maintained quarterly, Defendants object to this demand as unduly burdensome.**

13. All documents concerning any investigation into the policies, procedures, practices, or state of Mid-State Correctional and the provision of medical services and mental health services to inmates.

**Response**: **Defendants object on the grounds that this request is not limited in time, unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Furthermore, Defendants object to this demand to the extent it requests disclosure of investigations into suicides and attempted suicides of other patients, which would violate HIPAA and mental hygiene law. Defendants object to this demand to the extent it requests documents privileged under New York State Education Law §6527.**

**Notwithstanding such objections, see Exhibit "A."**

14. All documents concerning the use of shoelaces by inmates at Mid-State Correctional from January 2016 through the present.

**Response:** **Defendant objects to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendant objects to this demand for "all documents concerning the use of shoelaces" as vague, ambiguous and overly broad. Defendant objects to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence. Defendants object to this demand to the extent it requests policies not in place at the time of the incident as irrelevant. Notwithstanding such objections, Defendants are not aware of any Office of**

9

**Mental Health policies specifically responsive to this request. Note that the "RCTP Observation Cells & Dormitory Beds" policy details permitted items for those cells.** *See,* **Exhibit "B" attached to Defendants' Responses to Plaintiff's First Set of Interrogatories. However, Decedent was not placed in an RCTP observation cell because he did not express any suicidal ideation or other immediate mental health crisis to warrant such observation.**

15. All reports or forms concerning suicides committed at Mid-State Correctional from January 2016 through the present.

**Response**: **Defendants object on the grounds that this request is not limited in time, unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Defendants object to this demand for reports and forms "concerning suicides committed" as overly broad, vague and ambiguous. Furthermore, Defendants object to this demand to the extent it requests disclosure of investigations into suicides and attempted suicides of other patients, which would violate both HIPAA and mental hygiene law.**

16. All documents concerning lawsuits against any of the name Defendants or others concerning inmate suicides at Mid-State Correctional from January 2016 through the present.

**Response**: **Defendants object on the grounds that this request is not limited in time, unduly burdensome, overly broad, vague and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case. Defendants object to this demand for "all documents concerning lawsuits" as overly broad, unduly burdensome and not relevant to the issues in this action, nor reasonably calculated to lead to the discovery of relevant information that is proportional to the needs of this case.**

**Notwithstanding such objections, litigation is a matter of public record but neither DOCCS nor OMH tracks or maintain complaints/litigation by subject matter. Complaints/litigation notices are not cataloged by subject matter, so an unduly burdensome review of all employees would be required and will not be performed.**

17. All documents which may or will be used as an exhibit at trial or any

evidentiary hearing in the matter.

**Response:** **Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendants object to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

**Notwithstanding such objections, see documents previously disclosed and attached to these responses. Defendants reserve the right to amend this response.**

18. All documents which have been provided to any expert or lay witness who may or will be called to testify by Defendants at trial.

**Response:** **Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendants object to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

**Notwithstanding such objections, Defendants have not yet retained an expert but will provide disclosure in accordance with Fed. R. Civ. P. 26. *See*, documents previously disclosed and documents disclosed in response to Plaintiff's First Set of Interrogatories.**

19. All drawings or diagrams relating to this lawsuit or any object involved in this lawsuit.

**Response:** **Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendants object to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

**Notwithstanding such objections, see New York State Police investigation documents previously provided.**

20. All curriculum vitae or resumes prepared by expert witnesses within the past five years.

**Response:** **Defendants object to this demand on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, and improper. Defendants object to this demand on the grounds that it is not reasonably calculated to lead to the discovery of relevant, admissible evidence.**

11

    **Notwithstanding such objections, Defendants have not yet retained an expert but will provide proper disclosure in accordance with Fed. R. Civ. P. 26.**

**DEFENDANTS RESERVES THE RIGHT TO AMEND THESE RESPONSES.**

Dated:  November 24, 2021
      Syracuse, New York

               LETITIA JAMES
               Attorney General of the State of New York
               Attorney for Defendants
               Syracuse Regional Office
               300 S. State Street, Suite 300
               Syracuse, New York 13202

               By: _____
               Aimee Cowan
               Assistant Attorney General, of Counsel
               Bar Roll No. 516178
               Telephone: (315) 448-4800
               Fax: (315) 448-4852 (Not for service of papers.)
               Email: Aimee.Cowan@ag.ny.gov

To:  Hach Rose Schirripa & Cheverie, LLP
    Hillary Nappi
    Frank R. Schirripa
    112 Madison Avenue
    New York, NY 10016

    Lento Law Group, P.C.
    Douglas Scott Wiggins
    *Admission Pending*
    1500 Market Street
    12th Floor - East Tower
    Philadelphia, PA 19102